**Herbert Eugene BLANCHARD, #30366,**
**Petitioner,**

v.

**Lou V. BREWER, Respondent.**
**Civ. No. 8-2394-C-1.**

United States District Court,
S. D. Iowa, C. D.

Dec. 4, 1969.

MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This matter is before the Court on petition of Herbert Eugene Blanchard, hereinafter referred to as petitioner, for a writ of habeas corpus.

As grounds for issuance of the writ, the petition, as filed by counsel for the petitioner, recites the following:

(a) Petitioner is deprived of his liberty without due process of law in violation of Article I, Section 1 and Article I, Section 9 of the Bill of Rights of the Constitution of Iowa with regard to deprivation of life and liberty without due process of law.

(b) Petitioner is deprived of his liberty without due process of law in that he was deprived of assistance of adequate legal counsel as provided in Article I, Section 10 of the Bill of Rights of the Constitution of Iowa.

(c) Petitioner is deprived of his liberty without due process of law in violation of the 6th and 14th Amendments to the Constitution of the United States in that he was in effect deprived of assistance of counsel in violation of the 6th Amendment as made obligatory on the States by the 14th Amendment.

It appears that each of the aforesaid grounds were previously presented to the Lee County Iowa District Court in a petition for writ of habeas corpus filed in that court. The findings and conclusions of the Lee County Court were adverse to the petitioner and the writ denied. The Iowa Supreme Court affirmed, two Justices dissenting. Blanchard v. Bennett, 167 N.W.2d 612 (Iowa 1969).

█ The decision of the Iowa Supreme Court is, of course, a final adjudication relative to the Constitution and laws of that state. Therefore, this consideration is limited to the allegations of the petitioner relating to the Constitution of the United States.

There is no real dispute concerning the facts giving rise to this litigation.

Roy W. Meadows, Des Moines, Iowa, for petitioner.

Richard C. Turner, Atty. Gen. of Iowa, and David A. Elderkin, Thomas L. Moser, Michael J. Laughlin and James W. Hughes, Asst. Attys. Gen., for respondent.

Upon trial by jury in the Lee County Iowa District Court, petitioner was convicted of criminal solicitation in violation of Iowa Code § 724.2. Mr. Neil McManus, an experienced trial lawyer and member of the Iowa Bar since 1938, was retained by petitioner and represented him at trial.

On February 14, 1968, the trial court imposed a sentence of a term not to exceed five years in the state penitentiary at Fort Madison. Petitioner notified McManus that he desired to appeal. McManus agreed to perfect the appeal but contacted petitioner's present counsel for purposes of handling all other aspects of the appeal. On March 12, 1968, McManus filed a notice of appeal with the district court clerk. However, notice of appeal was not served on the County Attorney as required by Iowa Code § 793.4.[1] Subsequently and after the time in which an appeal could be perfected had expired, a motion based on the improper notice and requesting dismissal of the appeal was filed by the state. In keeping with its decisions holding the requirements of § 793.4 to be jurisdictional, the Iowa Supreme Court sustained the motion.

On August 16, 1968, the Iowa Supreme Court denied petitioner's motion to take a delayed appeal. As previously noted, subsequent collateral attacks by way of application for writ of habeas corpus have failed to aid the petitioner.

The Iowa Attorney General has attached to the memorandum filed in support of his return on behalf of the defendant herein a copy of the transcript of testimony taken at the habeas corpus hearing conducted by the Lee County Iowa District Court. Since the substance of the transcript has not been contested, the facts disclosed therein will be considered correct. The following additional facts are noted.

The petitioner's attorney, Neil McManus, failed to properly serve the County Attorney as required by Iowa Code § 793.4 because he was unfamiliar with that provision of the Iowa law. On at least one previous occasion, McManus perfected a criminal appeal without the required service on the County Attorney with no adverse results. It also appears he filed criminal appeals for other members of his firm in the same manner as he filed petitioner's appeal here.

The Assistant County Attorney in charge of petitioner's case knew of the improperly perfected appeal prior to the last point in time an appeal could have been properly perfected. He had been informed via telephone that an appeal was being taken. Later, he examined the District Court Clerk's file and found that an attempt to appeal had been made. The appeal notice was on file, but no notice had been served on the County Attorney. Nevertheless, it being his first criminal case on behalf of the state, the Assistant County Attorney looked up the applicable code sections and took the necessary steps to conform therewith and mailed the required documents to the Iowa Attorney General. In addition to the foregoing, the Lee County District Court Clerk's office forwarded a certified copy of notice of appeal to the Attorney General's office shortly after it was filed by McManus.

Even in view of the foregoing facts, petitioner was never given any notice of a defect in his appeal. His attorney, Mr. McManus, was never given any sort of hint that something was wrong until the motion for dismissal was received at a point in time too late to remedy the situation. No one ever accepted or acknowledged service on the part of the County Attorney as required by law.

The situation obtaining here can be summed up as follows: The Assistant

[1]. Iowa Code § 793.4 (1966) provides:
"*Taking and perfecting.* An appeal is taken and perfected by the party or his attorney serving on the adverse party or his attorney of record in the district court at the time of the rendition of the judgment, a notice in writing of the taking of the appeal, and filing the same with such clerk, with evidence of service thereof endorsed thereon or annexed thereto."

County Attorney knew of the appeal within the statutory time limits for perfection of an appeal and knew that it was not properly perfected. It would also appear that the Iowa Attorney General's Office was aware an attempt had been made to perfect an appeal. Apparently no one was surprised and the state in no way prejudiced by the lack of strict compliance with the statute. In other words, it appears petitioner's appeal was dismissed on motion by the Iowa Attorney General due to lack of strict compliance with the technical requirements of Iowa Code § 793.4 and for no other reason, without prior notice to petitioner or his counsel of the defect.

In considering an allegation of denial of effective assistance of counsel, it is helpful to first classify the particular case being considered. Such cases can be classified in two broad categories— those where counsel was appointed for the defendant and those where defendant selected and retained his own counsel. The case at bar fits the latter category.

■ The failure of counsel to take the simple steps required to file notice of appeal when instructed by his client to do so constitutes such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel. Williams v. United States, 402 F.2d 548 (8th Cir. 1968). It can make no real difference because the result obtains from counsel's mistaken beliefs concerning the proper procedures. Further, it is immaterial whether defendant-petitioner shows that his appeal would have been fruitful. Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969).

Even prior to the holding in Rodriquez v. United States, *supra*, the Eighth Circuit did not require a showing concerning the issues to be raised on appeal. See Williams v. United States, *supra*, at 552 where the Court said:

> "We hold Williams was deprived of his constitutional right to effective as-

sistance of counsel at the critical time between sentence and the expiration of time to appeal and that he was thereby deprived of his constitutional right to appellate review of his conviction."

The opinion makes no mention of a requirement of showing of issues that would be raised on appeal.

■ It is true, of course, that at common law there was no review of criminal convictions as of right. Due process, then, does not comprehend the right of appeal. Dist. of Columbia v. Clawans, 300 U.S. 617, 627, 57 S.Ct. 660, 81 L.Ed. 843 (1936). However, Iowa law gives the right to appeal to the Iowa Supreme Court from convictions in criminal cases.[2] Where such right is given it is substantial and an accused may not be deprived thereof by any act or failure to act upon the part of the state which unfairly denies him his appeal. Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453 (1942); Scobie v. State of Oklahoma, 239 F. Supp. 646, 648 (D.C.1965). The Iowa Supreme Court has held that a delayed appeal was an available remedy in one such situation. Ford v. State of Iowa, 258 Iowa 137, 138 N.W.2d 116 (1965). In this connection, see also State v. Aldeman, 150 N.W.2d 312 (Iowa 1967), wherein the Iowa Supreme Court disregarded the fact that notice was apparently not properly served on the County Attorney and reviewed the record on the clerk's transcript as a matter of grace.

■ It is the view of this Court that when all the circumstances presented by this case are considered as a whole, it must be concluded that the state has contributed to the loss of petitioner's appellate rights in violation of Section 1, Article XIV, Amendments to the Constitution of the United States of America. This is not to say there is any one act or omission on the part of the state or its officers here, in and of itself, sufficient to constitute such a violation. Never-

2. See Iowa Code Chapter 793 (1966).

**32**

theless, the result is unjust. Petitioner should not be denied his right to appeal which was improperly perfected under the circumstances present here.

■■■ When constitutional rights have been violated, this Court has broad powers to fashion an appropriate remedy and dispose of the matter as law and justice require. 28 U.S.C. § 2243; Peyton v. Rowe, 391 U.S. 54, 66, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Farrant v. Bennett, 249 F.Supp. 549 (D.C.1966), cert. denied, 384 U.S. 965, 86 S.Ct. 1595, 16 L.Ed.2d 676. Under the Iowa law, an appeal in criminal cases can only be taken from the final judgment, and within sixty days thereafter. Iowa Code § 793.2 (1966). Final judgment means the sentence. The sentence is the judgment. State v. Klinger, 259 Iowa 381, 144 N.W.2d 150 (1966). If the sentence here is vacated, the relief will be sufficient. The conviction need not be disturbed. There is no reason, then, why the Lee County Iowa District Court cannot promptly resentence the petitioner upon filing of this memorandum and order. Petitioner will then have sixty days subsequent to the resentencing to perfect an appeal. If petitioner's conviction is ultimately affirmed full credit will be given for time already served. See Sefcheck v. Brewer, 301 F.Supp. 793 (S.D.Iowa 1969).

### ORDER

It is ordered that the sentence of the Iowa District Court, in and for Lee County imposed upon petitioner February 14, 1968, upon his conviction of criminal solicitation in violation of Iowa Code § 724.2 be and is hereby vacated and set aside.

It is further ordered that, unless the Lee County Iowa District Court promptly resentence petitioner and upon proper application and notice by petitioner, an appeal therefrom is granted within sixty days thereafter, petitioner be released from the custody of Lou V. Brewer, defendant herein and be discharged from any obligations under the sentence heretofore imposed.

