**STATE of Iowa, Appellee,**

v.

**Robert Edd LONEY, Appellant.**

**No. 2–56567.**

Supreme Court of Iowa.

Oct. 16, 1974.

Charles T. Traw, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., and Edward N. Wehr, Co. Atty., for appellee.

Heard before MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCOR-MICK, JJ.

HARRIS, Justice.

This is an appeal from a postconviction proceeding which sought review of a first degree murder conviction. We previously affirmed the conviction in State v. Loney, 163 N.W.2d 378 (Iowa 1968). The trial court denied relief and we affirm.

The facts giving rise to defendant's conviction were recited in our opinion upon the first appeal and will not be repeated. Following our original affirmance of his conviction defendant sought relief by way of petition for writ of habeas corpus in State district courts in Scott County (his place of conviction) and Lee County (his place of incarceration), twice in this court, once in the Supreme Court of the United States, and once in Federal District Court. All were dismissed or denied on various procedural grounds.

This application for postconviction relief was thereafter filed in the original case. Petitioner will again be referred to as defendant. Following denial of his relief he brought this appeal on the claim he was denied due process of law for three reasons and therefore did not receive a fair trial. He also complains of a ruling by the trial court sustaining the State's objections to interrogatories he propounded in connection with the postconviction proceeding.

I. Two of defendant's three claims he was denied due process stem from a line-up conducted soon after his arrest. He seeks to argue the line-up was unduly suggestive. See United States v. Wade, 338 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. He also complains the State suppressed evidence that, at the line-up, individuals other than defendant were identified as the murderer. Misidentification at the line-up was a factor considered in connection with sufficiency of the evidence in our first opinion. State v. Loney, 163 N.W.2d at 380.

Defendant's third claim he was denied due process stems from the fact he was originally detained upon a parole violation. This precise claim was expressly rejected in our opinion upon the first appeal. State v. Loney, 163 N.W.2d at 381.

Postconviction relief became available July 1, 1970, the effective date of chapter 663A, The Code. It is " * * * ordinarily not available to correct errors which should have been (but were not) raised at some previous stage of proceedings. Otherwise, a defendant could have numerous appeals, which is not the intent or purpose of the postconviction act. (Citation)." Carstens v. Rans, 210 N.W.2d 663, 664–665 (Iowa 1973). See also Horn v. Haugh, 209 N.W.2d 119 (Iowa 1973).

■ Postconviction remedies are given with the recognition there must be some finality in the review process. Some states allow one, but only one, postconviction review following an affirmance of the original conviction. See People v. Hubbard, 519 P.2d 945 (Colo.1974). In Horn v. Haugh and Carstens v. Rans, both supra, we adopted a stricter view. We agree with the standards recommended by the National Advisory Commission on Criminal Justice:

"Standard 6.5

"Exceptional Circumstances Justifying Further Review.

"After a reviewing court has affirmed a trial court conviction and sentence, or after expiration of a fair opportunity for a defendant to obtain review with the aid of counsel, the conviction and the sentence generally should be final and not subject to further judicial review in any court, State or Federal. Further review should be available only in the following limited circumstances:

" * * *

"2. The defendant asserts a claim of newly discovered evidence, which was not known to him and which could not have been discovered through the exercise of due diligence prior to conclusion of the unified

review proceeding or the expiration of the time for seeking review, and which in the light of all the evidence raises substantial doubt as to defendant's guilt; or * * *." National Advisory Commission on Criminal Justice Standards and Goals, Courts, 6.5 (1973).

Defendant's complaints fall well outside any such exception. He seeks to raise points, some of which we previously considered and rejected. Other points are extensions or alternative arguments he now wishes to urge after omitting them from his first appeal. Such a piecemeal appellate technique is prohibited under the postconviction act. All theories he now wishes to urge either were argued in his first appeal or should have been. He has shown no justification for overlooking them in his first appeal. Our prior holding was and is final.

II. Defendant's final complaint is addressed to the court's ruling sustaining objections to his interrogatories. The interrogatories sought information to support arguments we have held were previously exhausted. Defendant was not harmed by the trial court's ruling sustaining objections to them.

Affirmed.