**Rose Bud BIGGLES, Petitioner,**

v.

**Louis BREWER, Warden, Iowa State Penitentiary at Fort Madison, Iowa,
Respondent.**

**Civ. No. 74–155–2.**

United States District Court,
S. D. Iowa, C. D.

Nov. 20, 1974.

See also D.C., 378 F.Supp. 1256.

Robert A. Wright, Polk County-Des Moines Offender Advocate Office, Des Moines, Iowa, for petitioner.

Richard C. Turner, Iowa Atty. Gen., and Asst. Atty. Gen. Thomas D. McGrane, Des Moines, Iowa, for respondent.

## MEMORANDUM AND ORDER

HANSON, Chief Judge.

The Court has before it a petition for a writ of habeas corpus filed by Rose Bud Biggles. The principal issue raised by this petitioner is that he has been denied the right to appeal his December 1971 conviction for the crime of carrying a concealed weapon, and that this denial is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As this Court set out in its September 13, 1974 Order, petitioner has satisfied the exhaustion requirements necessary to obtain federal habeas corpus relief under 28 U.S.C. § 2254 (1970).

### FINDINGS OF FACT

Petitioner Biggles was convicted for the crime of carrying a concealed weapon in Polk County District Court in December 1971. He was sentenced to a twenty-five year prison term for being a "habitual criminal."

Seventeen days after his sentencing, on December 23, 1971, petitioner requested appointment of counsel to perfect his appeal. He provided the state court with an affidavit of poverty, and

**1**

sought funds to cover transcript costs, and other costs incident to his appeal.

Approximately sixty-three days after petitioner's sentencing, counsel was appointed to assist him with his appeal. This appointment was untimely by three days, for § 793.2, Code of Iowa (1973), provides that "[a]n appeal can only be taken from the final judgment, and within sixty days thereafter."

Because the sixty-day period had run, application was made to the Iowa Supreme Court for permission to file a delayed appeal. On September 8, 1972, the Supreme Court denied this request. A few months later the petitioner again sought the Supreme Court's permission to appeal, and on March 23, 1973, he was again refused.

Thereafter, petitioner availed himself of the post-conviction relief provisions of § 663A of the Iowa Code. On April 25, 1974, Judge Harry Perkins denied post-conviction relief, stating that the petitioner should again seek the Iowa Supreme Court's permission to file a late appeal.

On June 20, 1974, this application for a writ of habeas corpus was filed.

## CONCLUSIONS OF LAW

The issue before this Court is whether the inability of this petitioner to pursue an appeal of his December 1971 conviction has deprived him of Due Process. Viewed in light of the controlling case-law, the facts of this case clearly indicate that the petitioner's rights to due process have been violated.

Chapter 793 of the Code of Iowa (1973) delineates the prerequisites for appealing a criminal conviction from the Iowa district courts. The appeal must be taken from a "final judgment, and within sixty days thereafter." § 793.2, Code of Iowa (1973).

Notwithstanding the provisions of the Iowa Code, the Iowa Supreme Court has recognized that a criminal appeal can be taken later than the sixty days after the judgment entry. In Ford v. State, 258 Iowa 137, 138 N.W.2d 116 (1965), it was stated:

We should entertain a delayed appeal where the grounds seeking to excuse the delay set forth a denial of a constitutional right in the appellate process due to malfeasance or misfeasance of the state or its agents. 138 N.W.2d at 119.

This principle was fully recognized by Judge Roy L. Stephenson in Blanchard v. Brewer, 318 F.Supp. 28 (S.D.Iowa 1969), aff'd, 429 F.2d 89 (8th Cir. 1970), cert. denied, 401 U.S. 1002, 91 S. Ct. 1224, 28 L.Ed.2d 535 (1971). As stated in *Blanchard*:

[A]t common law there was no review of criminal convictions as of right. Due Process, then, does not comprehend the right of appeal . . . However, Iowa law gives the right to appeal to the Iowa Supreme Court from convictions in criminal cases. Where such right is given it is substantial and an accused may not be deprived thereof by any act *or failure to act* upon the part of the state which unfairly denies him his appeal. 318 F.Supp. at 31 (emphasis added.)

In *Blanchard* the petitioner's attorney had improperly perfected his client's appeal. This fact was known to the assistant county attorney, but not communicated to petitioner or his counsel. After the sixty-day period had run, the state moved to dismiss the appeal, and the Iowa Supreme Court sustained this motion. Thus, the appeal was dismissed for a procedural defect, with no prior notice having been given to the petitioner or his attorney. 318 F.Supp. at 30–31.

Judge Stephenson noted that the state was "in no way prejudiced by the lack of strict compliance with the statute," and further stated that "when all the circumstances presented by this case are considered as a whole, it must be concluded that the state has contributed to the loss of petitioner's appellate rights" in violation of the Due Process Clause of

the Fourteenth Amendment. 318 F. Supp. at 31.

The facts of this case are quite simple. Indeed, they are stronger than those in *Blanchard*.[1] On December 23, 1971, petitioner filed an affidavit of poverty with the Polk County District Court. In this document Mr. Biggles affirmed his inability to finance an appeal, and requested the appointment of Mr. Charles F. Glenn or Mr. Garry Garrison to defend him. This request came to the court's attention within three weeks after the conviction—at least forty days prior to the sixty-day deadline of § 793.2 of the Iowa Code. Judge Leo Oxberger subsequently appointed Mr. Glenn as requested, but this appointment was made three days *after* the expiration of the statutory cut-off period.

Thus, the facts plainly reveal that petitioner's timely request was met with an untimely appointment. Thereafter, the Iowa Supreme Court twice denied petitioner's request to file a late appeal. Under these circumstances it is quite apparent that the state has "contributed to the loss of petitioner's appellate rights," and that petitioner was deprived of due process of law under the rule of Blanchard v. Brewer.

The appropriate relief under these circumstances is to provide petitioner with the opportunity to appeal his 1971 conviction. As was the case in *Blanchard*, vacating the 1971 sentence will serve this end. Upon resentencing, the petitioner can avail himself of the right to appeal within sixty days which Chapter 793 of the Iowa Code provides.

Accordingly, it is ordered that the sentence of the Iowa District Court, in and for Polk County, imposed upon petitioner on December 6, 1971, upon his conviction of carrying a concealed weapon be and hereby is vacated and set aside.

It is further ordered that, unless the Polk County District Court promptly resentences petitioner and upon proper notice and application by petitioner, an appeal therefrom is granted within sixty days thereafter, petitioner be released from the custody of Lou V. Brewer, the defendant herein, and be discharged from any obligations under the state court sentence heretofore imposed.

---

1. *See* Judge Bright's concurrence in Blanchard v. Brewer, 429 F.2d 89, 92 (8th Cir. 1970).