Larry Paul EDWARDS, Appellant,

v.

STATE of Iowa, Appellee.

No. 2–59041.

Supreme Court of Iowa.

Jan. 19, 1977.

Richard G. Davidson, Clarinda, for appellant.

Richard C. Turner, Atty. Gen., Lee M. Jackwig, Asst. Atty. Gen., and Richard R. Jones, County Atty., for appellee.

Submitted to MOORE, C. J. and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

This is an appeal from a postconviction action. We affirm the trial court.

In 1971 when petitioner, Larry Paul Edwards, was 17 years old, he was charged with four felonies and was taken into juvenile court, where various proceedings occurred. Two of the charges against him were there dismissed. On the other two, transfer hearings were held under § 232.72, The Code, as a result of which he was remanded to district court for prosecution as an adult. He pled guilty there to both charges, each of which involved larceny of a motor vehicle.

Petitioner now wants these convictions set aside and the charges dismissed. The trial court agreed with him as to one of the cases, but on the other, postconviction relief was denied. It is from this that petitioner appeals.

This is the second postconviction hearing petitioner has had. The first was adjudicated against him, and no appeal was taken. Under § 663A.8, The Code, postconviction rights are not designed to afford repeated challenges on the same grounds. See Carstens v. Rans, 210 N.W.2d 663, 664–665 (Iowa 1973) and Horn v. Haugh, 209 N.W.2d 119, 120 (Iowa 1973).

However, the trial court determined two issues which petitioner desired to raise were excusably not litigated in the prior postconviction hearing. We accept that finding, and our present review is limited accordingly. These issues are:

1. Petitioner alleges his transfer from juvenile court was without proper notice or hearing in violation of his constitutional rights as set out in In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) and in State v. Halverson, 192 N.W.2d 765, 769 (Iowa 1972); and

2. Petitioner claims his illegal detention with adults in the county jail was in violation of §§ 232.18 and 232.19, The Code, and requires dismissal of the charge against him.

I. We discuss first the question of notice and hearing, which we consider to be the most serious issue raised by this appeal. This poses two problems. Petitioner says, first, he was not advised his hearing in juvenile court was limited to the question of transfer under § 232.72, The Code. He argues his present prosecution in district court therefore subjects him to double jeopardy under State v. Halverson, supra.

Petitioner's second complaint under this asserted issue is that notice was not given

his father, his only living parent, who was therefore denied the opportunity to be present at the hearing as required by § 232.11, The Code. This, too, he insists entitles him to have the present charge dismissed.

We hold against petitioner on both counts. Before stating our reasons for doing so, we detail the facts upon which they are based.

On August 31, 1971, petitioner was arrested and charged with the theft of a motor vehicle. He was referred to juvenile court, and a hearing was set for October 18, 1971.

Prior to that hearing, the county attorney filed a motion asking the juvenile court to transfer the pending matter to district court so that petitioner could be prosecuted as an adult.

When the case came up on October 18, 1971, the juvenile court continued it until November 11, 1971, with this comment:

"All right, the next matter is a motion by the State to transfer this case for prosecution under criminal law * * *. Now before the court can act upon this motion the matter must be set down for hearing.

" * * *

"Then the eleventh of November at ten o'clock A.M. will be fixed for hearing on the motion to transfer this cause and juvenile is remanded back to the custody of the Taylor County sheriff."

The *Halverson* case prescribes that, if the State expects to ask for a juvenile's transfer to district court, it must make this known before any hearing is held. Otherwise the right to do so is forfeited. *Halverson* further points out that this may be done by a motion filed in the juvenile proceedings or by the juvenile court's pre-hearing statement limiting the proceedings to a determination concerning transfer.

We find the rules established in *Halverson* were carefully followed. Not only did the county attorney file a motion to transfer, but the juvenile court specifically limited the hearing to the transfer question.

*See State v. Halverson, supra,* 192 N.W.2d at 769. There is no merit in petitioner's claim to the contrary.

Petitioner also says the State violated § 232.11 by holding the transfer hearing in his father's absence. That section provides in pertinent part:

"The hearing on the *merit* of the petition shall not take place without the presence of one or both of the parents * * *." (Emphasis added)

When petitioner was first taken into custody, the statutory notice required by § 232.16, The Code, was given his father, who appeared in juvenile court with his son on October 18th. At that time the hearing on the State's transfer motion was set for November 11th. Later the hearing date was advanced to November 4th. The record does not disclose the reason for this change of dates.

Petitioner appeared at the November 4th transfer hearing with counsel. Petitioner's father did not attend. In the later postconviction proceedings, petitioner's father testified he was given notice of the dates of "all trials" but did not specifically recall (nor deny) being notified of the disputed November 4th hearing.

While the record on this point is quite unsatisfactory, we do not believe it to be determinative in any event. There is no requirement that parents be present at a transfer hearing. The statute (§ 232.11) refers only to a hearing on the merits. *State v. Halverson, supra,* 192 N.W.2d at 769 makes it quite plain that a hearing on a motion to transfer is not a hearing on the merits. Since we are concerned here only with a transfer hearing, there was no violation of § 232.11.

On this point petitioner also relies on §§ 232.12 and 232.31. However, these statutes do not refer to transfer hearings and therefore afford petitioner no help.

■ II. Petitioner also alleges he was illegally incarcerated with adults in the county jail while awaiting processing as a juvenile in violation of §§ 232.17, 232.18 and 232.19, The Code. When petitioner was

first taken into custody, he was put in the juvenile cell, where he was kept until he requested through his attorney that he be put in the area with adult prisoners. He was then transferred to the general jail area. The Code (§ 232.17) provides in part:

"If a child is not released as provided in section 232.16, the person taking the child into custody shall notify the court as soon as possible of the detention of the child and the reasons for the detention. The child shall be taken immediately to a place of detention specified in section 232.18 and may be held for not longer than twenty-four hours after the taking into custody unless an order for detention specifying the reason for the detention is signed by the judge. * * * "

We set out here the pertinent parts of both §§ 232.18 and 232.19 which have some bearing on this matter:

"A child may be detained as provided in section 232.17 in one of the following places:

"1. * * *

"2. * * *

"3. * * *

"4. A room entirely separate from adults in a jail, lockup, police station, or other adult detention facility as provided in section 232.19."

"No child shall at any time be confined in a police station, lockup, jail, or prison except that a child may be detained for the purpose of protective custody for a period not to exceed twelve hours or a child fourteen years of age or older may upon the order of the judge be temporarily confined in a room entirely separate from adults in an adult detention facility. A child may be detained in an adult detention facility upon order of the judge only if the child is alleged to be delinquent and has shown by his habits, conduct, or conditions that he constitutes a menace to himself or society to the extent that he cannot be released or cannot be detained in a place designated in subsections 1, 2, or 3, of section 232.18."

The trial court found petitioner was confined in violation of these statutes, but that he was not entitled to postconviction relief on that ground. We agree. As the trial court said in its findings, perhaps petitioner had other remedies for this violation; but the grounds for postconviction relief set out in § 663A.1, The Code, do not include the one here asserted. The trial court was right in so ruling.

III. One of the difficulties on this appeal lies in the fact petitioner is still seeking—on this *second* postconviction proceeding—to enlarge the grounds upon which he asks relief. He now wants to raise two additional questions which are clearly beyond the scope of the proceedings.

First, he asserts he was denied a speedy trial in violation of § 795.1, The Code. Next, he challenges the sufficiency of the evidence under which the transfer order was made.

In an effort to forestall still another later petition for postconviction relief, we have considered these matters even though they are not properly before us.

■ The claim that petitioner was denied a speedy trial is resolved by *State v. White,* 223 N.W.2d 173, 176 (Iowa 1974), which holds the provisions of § 795.1 do not become operative until a juvenile has been transferred to district court. Under this rule petitioner is not entitled to relief.

■ Neither is he correct in claiming the evidence did not warrant transfer. This is a matter lying within the discretion of the juvenile court. *State v. Anthony,* 239 N.W.2d 850 (Iowa 1976). While this decision is subject to review (*see In Re Interest of Clay,* 246 N.W.2d 263 (Iowa 1976)), we see no reason for disturbing the transfer order in this case. The only witness at the hearing was the sheriff of Taylor County, who testified concerning a number of charges pending against the petitioner. At the conclusion of the hearing, the court stated:

"The court having considered the evidence herein presented as provided by section 232.72 of the 1971 Code of Iowa finds that the juvenile is over fourteen, that he has been charged with more than

one felony charge, they consisting of larceny of motor vehicles, breaking and entering, attempted breaking and entering, matters which go far beyond the juvenile court status as the court understands it. It appears to the court that we have here a young man that has been in violation of the law on many occasions and that as far as the juvenile court is concerned, it would not be for the best interests of the juvenile or the best interests of society to allow this matter to remain in juvenile court.

"Therefore, it will be the order of the court that the motion for transfer be sustained and juvenile cause * * * 172 be transferred to criminal court for prosecution to be had under adult criminal law court."

This conclusion finds ample support in the record. We hold the transfer order should not be set aside.

IV. The judgment of the trial court is AFFIRMED.