Dale L. SNYDER, Appellant,

v.

STATE of Iowa, Appellee.

No. 59766.

Supreme Court of Iowa.

Feb. 22, 1978.

Richard T. Heiderscheit, Lansing, for appellant.

Richard C. Turner, Atty. Gen., Thomas A. Evans, Jr., Asst. Atty. Gen., and Calvin R. Anderson, County Atty., for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, REES and UHLENHOPP, JJ.

MOORE, Chief Justice.

Petitioner appeals denial of his application for postconviction relief following a full and complete evidentiary hearing. He contends he is entitled to postconviction relief because he was deprived of his right to appeal when this court permitted his trial counsel to proceed with his appeal over his objections and subsequently entered a Rule 16 frivolous appeal order. The trial court found he failed to meet his burden of proving this contention by a preponderance of the evidence. We affirm.

This appeal is an outgrowth of extended trial and appellate proceedings arising from a shooting incident in May 1973. Petitioner Dale Snyder was originally charged with assault with intent to commit murder in violation of Code section 690.6. Shortly after his arrest Attorney James Mellick was appointed defense counsel. Ultimately petitioner was tried, convicted and sentenced for the crime charged. On appeal we reversed and remanded for new trial because trial court erroneously tendered additional instructions to the jury outside the presence of defendant in contravention of Code section 777.19. See *State v. Snyder,* Iowa, 223 N.W.2d 217.

After the case was remanded to district court, Attorney Mellick was again appointed as defense counsel. Prior to time set for retrial, the county attorney filed a second charge of assault with intent to commit murder arising from the same incident supporting the original charge.

At this point, the county attorney, petitioner and his counsel commenced lengthy plea negotiations. By Friday, May 16, 1975 a tentative agreement was reached but Attorney Mellick requested the formal arraignment be delayed over the weekend to permit a full evaluation of the plea bargain package by his client.

On May 20, 1975 the arraignment was held before the Honorable C. W. Antes. At a lengthy plea proceeding Judge Antes fully complied with the standards and guidelines set out in *Brainard v. State,* Iowa, 222 N.W.2d 711 and *State v. Sisco,* Iowa, 169 N.W.2d 542. The plea bargain was fully explained. Petitioner pled guilty to two counts of assault with intent to commit a felony, namely, manslaughter, in violation of section 694.5 and one count of going armed with intent in violation of section 695.1. The court, consistent with the plea bargain recommendation, thereafter imposed three five year sentences to be served consecutively. Petitioner was subsequently incarcerated in the State Penitentiary at Fort Madison.

On May 27, 1975 Attorney Mellick, although he had not been appointed as appellate counsel, filed a notice of appeal. Soon thereafter he sent a letter to petitioner at the penitentiary advising him he was preparing to proceed with a Rule 16 appeal. On July 1, 1975 Mellick made application to withdraw as counsel as contemplated by the rule and submitted a supporting memorandum showing the frivolity of the appeal in compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Subsequently an affidavit was filed showing these papers had been served on petitioner.

On June 20, 1975 Snyder filed a pro se notice of appeal with the district court and moved for appointment of counsel; he specifically requested that James Mellick not be appointed. On July 9 the district court ruled it was without jurisdiction to consider the application. This application and order then were forwarded to this court.

On July 15, 1975 petitioner filed a pro se "notice of appeal and request for different counsel" with the Supreme Court clerk. In the application he stated he intended to raise "ineffective assistance of counsel" on the appeal and that the appeal filed by Mellick was completely unauthorized.

On August 18, 1975 this court permitted Attorney Mellick to withdraw, found the appeal to be frivolous and dismissed it under Rule 16.

Snyder filed a pro se application for postconviction relief on January 20, 1976. Counsel was appointed and the application amended to allege that the original guilty pleas were not voluntarily, knowingly and intelligently entered, that he was deprived of counsel at a critical stage of the criminal proceeding and that the appeal by Attorney Mellick was unauthorized. The State resisted the application.

The case proceeded to trial in April 1976. As will be discussed infra the testimony of petitioner Snyder and Attorney Mellick was in conflict in several respects.

The court filed well-prepared findings of fact and conclusions of law on July 6, 1976 and entered an order denying the application for postconviction relief. This appeal followed.

I. Petitioner has alleged violation of constitutional safeguards and thus we make our own independent evaluation of the whole record under which the postconviction court's ruling was made. *Cleesen v. State,* Iowa, 258 N.W.2d 330, 331; *Long v. Brewer,* Iowa, 253 N.W.2d 549, 552. However, the burden of proof is on petitioner to establish the facts asserted by a preponderance of the evidence. Code section 663A.7; *Cleesen v. State,* supra; *Watts v. State,* Iowa, 257 N.W.2d 70, 71.

The thrust of petitioner's assignments of error raised here is essentially that the postconviction court erred in dismissing his application because it held the direct appeal taken by defendant's original trial counsel, which was later dismissed under Rule 16, was an adequate and proper appeal that was binding on him.

Attorney Mellick carefully observed the pertinent provisions of our Supreme Court Rule 16 (now R.App.Pro.104) after he arrived at his decision of frivolity. That rule provides:

"(a) If counsel appointed to represent a convicted indigent defendant in an appeal to this court is convinced after conscientious investigation of the trial transcript that the appeal is frivolous and that he cannot, in good conscience, proceed with the appeal he may ask this court in writing to withdraw. This request must be accompanied by a brief referring to anything in the transcript that might arguably support the appeal.

"(b) Prior to filing any request to withdraw from an appeal counsel shall advise his client in writing of the decision as to frivolity accompanied by a copy of counsel's application and brief and attach to the request return showing service thereof. Counsel's notice to his client shall further advise him that if he agrees with counsel's decision and does not desire to proceed further with the appeal, defendant shall within thirty days from service of this application and brief clearly and expressly communicate such desire in writing, signed by him, to this court.

"(c) Receipt of such communication shall result in the appeal being forthwith dismissed.

"(d) Counsel's notice to his client shall further advise him that in the event he desires to proceed with the appeal he shall within the time above provided give like communication to this court, raising any points he chooses; this court will then proceed, after a full examination of all the proceedings, to decide whether the appeal is wholly frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal.

"(e) In order to protect his client's rights, counsel desiring to withdraw shall within the time permitted by Rule 15.2 make application in the manner provided by that Rule for extension of time in which a printed abstract of the record may be filed in the event such record is required as hereinafter provided.

"(f) However, if this court finds the legal points arguable on their merits, and therefore not frivolous, it may grant counsel's request to withdraw and will prior to submission of the appeal afford the indigent the assistance of new coun-

sel, to be appointed by the trial court, who shall file a printed record, brief and argument. The brief shall urge any errors counsel believes to be meritorious after a conscientious examination of the record. Counsel shall also inform this court in the brief of the points his client urges and otherwise see that the case is reviewed in accordance with the rules relative to criminal appeals.

"(g) Defendant's failure to communicate to this court within the time provided in this Rule or any extension thereof his disagreement with counsel's decision that the appeal is frivolous, or of defendant's desire to proceed with the appeal, shall be deemed an election by him to agree with counsel's decision.

"(h) Failure to file the record or any argument within the time specified in Rule 15.2 or any extension thereof shall result in dismissal of defendant's appeal with prejudice. [Court Order July 10, 1967; amended by Court Order October 8, 1970]"

The United States Supreme Court sanctioned this expedient procedure for disposing of frivolous appeals in *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 where it held:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points

that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

Also see *Entsminger v. Iowa*, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 where the Supreme Court struck down under *Anders* our "clerk's transcript" procedure for expedited appeals.

At the time we previously entered the Rule 16 order we had before us: 1) Attorney Mellinck's application to withdraw together with a copy of his May 28 letter to Snyder, and a brief and argument attached to said application which met the *Anders* requirements, 2) proof of service on Snyder of the application, 3) petitioner's notice of intent to proceed with his appeal raising as an issue "ineffective assistance of counsel", 4) a copy of defendant's June 20 pro se notice of appeal to Winneshiek District Court and request for appointment of appellate counsel other than James Mellick.

In our order permitting Attorney Mellick to withdraw and dismissing the appeal we stated in part:

"We have studied the transcript of the defendant's guilty plea proceedings in district court. We find the trial court carefully followed all of the procedural steps laid down in *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969). We find that under the facts and circumstances brought out in the aforesaid transcript and in the court file that defendant's counsel procured a very advantageous plea bargain for defendant, and represented him in a very thorough and efficient manner at all stages of this proceeding. Defendant informed trial court at

sentencing that he was satisfied with his lawyer and with the lawyer's efforts. Trial court and defense counsel carefully preserved all of defendant's constitutional rights at all stages of this proceeding."

To the extent petitioner seeks to relitigate the issues as to the validity of his guilty pleas and ineffective assistance of counsel, our prior ruling affirming his convictions and dismissing the appeal is final. *State v. Loney,* Iowa, 222 N.W.2d 474, 476; *Carstens v. Rans,* Iowa, 210 N.W.2d 663, 664, 665; *State v. Wetzel,* Iowa, 192 N.W.2d 762, 764. The remedy of postconviction relief was not intended to give a defendant numerous appeals and we have construed chapter 663A in a strict manner consistent with this purpose. Section 663A.8; *Edwards v. State,* Iowa, 249 N.W.2d 851, 852; *Carstens v. Rans,* supra; *Horn v. Haugh,* Iowa, 209 N.W.2d 119, 120.

II. Even reaching the merits of this argument, we find this position untenable. Although petitioner alleges here he only pled guilty because he believed defense counsel would secure his release on bail and then vigorously pursue an appeal, Attorney Mellick contradicted this testimony. Mellick testified he explained to Snyder that once the guilty pleas were entered to the reduced charges, this was the "end of the line" and there was no further legal recourse available unless error had been committed in the plea proceedings. The record made at the original arraignment which was stipulated and introduced into evidence at the postconviction hearing supports this recollection. After stating that he understood the penalties for pleading guilty to the reduced charges were three consecutive 5-year sentences, the following colloquy took place:

"THE COURT: Have you been offered any threats or promises in connection with your plea in this case? MR. SNYDER: No.

"THE COURT: Now, the only understanding you have is the plea-bargaining agreement. You understand what that is? MR. SNYDER: Yes.

"THE COURT: But no other promises have been made to you, is that right? MR. SNYDER: No.

"THE COURT: Are you satisfied with the representation that Mr. Mellick has given you in this matter? MR. SNYDER: Yes."

Clearly petitioner failed to allege and prove by a preponderance of the evidence that his guilty plea was thus rendered involuntary because of ineffective assistance of counsel. This case is like the situation presented in *Walker v. Brewer,* Iowa, 189 N.W.2d 605 and *Toogood v. Brewer,* Iowa, 187 N.W.2d 748, where we rejected similar "ineffective assistance of counsel" contentions.

III. We now proceed to petitioner's contention that Attorney Mellick had no authority to proceed with the Rule 16 appeal and thus he was deprived of assistance of counsel in his statutorily-protected right of direct appeal in violation of *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 and *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. Here he relies on the general rule that absent his consent, Mellick had no authority to institute or maintain an appeal on his behalf.

The evidence received at the postconviction hearing is again in conflict. Snyder testified that on the evening of May 21 following the entry of the guilty pleas, he told Mellick "he was through with the case" and he did not want him as appeal counsel. Mellick testified he was never fired after the pleas were taken and that prior to entry of the pleas he had advised Snyder he would file a notice of appeal. Also that "if there was no defect in the plea of guilty proceedings, I would move to have the appeal dismissed as frivolous. Then Dale wanted to know how long that would take. I said a frivolous appeal matter probably would take maybe up to two or three months."

Mellick acknowledged that he was never formally appointed counsel on appeal but stated his belief that when you represent an indigent in the trial court "you are to follow through with the representation on ap-

peal" unless application is made to the Supreme Court for permission to withdraw.

From the aforementioned evidence we do not believe petitioner established Attorney Mellick was without authority to file an appeal on his behalf. Clearly the fact he was not specially appointed for the appeal is not determinative. While appointed counsel is not obligated to follow a case into the Supreme Court, he may do so if so requested by defendant. Code section 775.-5.

We further note that under the circumstances here it may well have been a deprivation of due process if Mellick had not filed timely notice of appeal to protect petitioner's appeal rights. *Blanchard v. Brewer*, S.D.Iowa, 318 F.Supp. 28, aff'd., 429 F.2d 89; *Biggles v. Brewer*, S.D.Iowa, 384 F.Supp. 1; *United States v. Neff*, 8 Cir., 525 F.2d 361, 363; *Williams v. United States*, 8 Cir., 402 F.2d 548, 552.

We agree with the trial court's finding that "Attorney Mellick effectively represented the applicant and his handling of the appeal was within the provisions of Rule 16 and was under the circumstances, an effective appeal" and the court's conclusion "that from a review of the entire record, files and proceedings * * * no grounds exist for granting of Postconviction Relief as prayed."

AFFIRMED.