# IN THE COURT OF APPEALS OF IOWA

No. 15-0991
Filed August 31, 2016

**ROBERTO RODRIGUEZ,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Applicant appeals the district court decision denying his request for postconviction relief. **AFFIRMED.**

Thomas A. Hurd of Law Office of Thomas Hurd, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Roberto Rodriguez appeals the district court decision denying his request for postconviction relief. We find the district court properly granted summary disposition to the State because the claims of ineffective assistance of counsel raised in this postconviction action were previously decided in Rodriguez's direct appeal. We affirm the district court.

After an evening of drinking alcohol and using drugs, Rodriguez and some friends decided to drive around and look for people to beat up. One of the victims, Dean Davis, died as a result of a stab wound. Rodriguez presented defenses of identification and intoxication at his criminal trial. He was convicted of first-degree murder, first-degree robbery, first-degree burglary, and second-degree robbery.

In Rodriguez's direct appeal we stated:

> Rodriguez claims "[i]n light of the testimony of the witnesses that defendant was intoxicated, it was error for counsel to fail to present expert testimony regarding the defendant's intoxication." However, Rodriguez does not set forth any argument concerning what evidence an expert would have offered or how such testimony would have made a difference at trial.
> We note from our review of the trial record defense counsel did present some testimony regarding defendant's intoxication. Counsel also asked the medical examiner several questions regarding the effects of alcohol and marijuana.
> . . . .
> In addition, the court submitted an intoxication instruction to the jury. It is unclear what other evidence an expert could have offered in support of Rodriguez's intoxication defense.
> There was also substantial evidence Rodriguez was not severely intoxicated at the time of the crimes. According to the testimony of several witnesses, Rodriguez admitted to stabbing Davis. Several admissions were made in the days following the incident. This testimony reveals that Rodriguez clearly had memory of the incident and what happened. Had defense called an

expert on intoxication, Rodriguez fails to demonstrate it would have made a difference in the outcome of the trial.

We also note Rodriguez's main defense at trial was identification, not intoxication. In fact, an intoxication defense would have been at odds with his main defense of identity. Rodriguez presented testimony Holland actually stabbed Davis. He did not present evidence he stabbed Davis, but blacked out or did not understand what he was doing. An intoxication defense admits to the act, but negates whether the person acted with specific intent. Rodriguez's defense at trial was he did not commit the offense.

"[A]n attorney's decision regarding strategy or tactics does not ordinarily provide an adequate basis for a claim of ineffective assistance of counsel." When trial counsel acts reasonably in selecting and following through on a chosen strategy, the claim of ineffective assistance is without merit. Because we find defense counsel acted reasonably in selecting a defense strategy and Rodriguez failed to show he was prejudiced by counsel's failure to call an expert on intoxication, we deny this claim of ineffective assistance of counsel.

*State v. Rodriguez*, No. 10-0039, 2011 WL 1814707, at *6-7 (Iowa Ct. App. May 11, 2011) (citations omitted).

On September 7, 2011, Rodriguez filed an application for postconviction relief, claiming he received ineffective assistance because defense counsel did not present the testimony of an expert witness to support his intoxication defense. Rodriguez also stated he received ineffective assistance because appellate counsel did not "provide the appellate court with any indication of what information an expert witness would have provided or how this information would have assisted the jury and affected the outcome of trial." The State claimed the issue had been fully addressed in the direct appeal and requested summary disposition of the case.

A postconviction hearing was held on March 25, 2015. Rodriguez presented the testimony of Dr. John Fell, an osteopathic physician, who made a

calculation of Rodriguez's blood-alcohol content at the time of the offenses and stated Rodriguez's critical judgment and sensory perception would have been impaired. At the close of Rodriguez's evidence, the State moved for summary disposition of the case.

The district court granted the motion for summary disposition.[1] The court found the issue raised by Rodriguez concerning his trial counsel was the same as the issue decided in the direct appeal and could not be relitigated. The court found Rodriguez failed to show he received ineffective assistance from appellate counsel for the same reasons we previously found he failed to show he received ineffective assistance of trial counsel. Rodriguez now appeals, claiming he received ineffective assistance of counsel.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

The issue of whether Rodriguez received ineffective assistance because defense counsel did not present the testimony of an expert witness to support his defense of intoxication was addressed in the direct appeal. *See Rodriguez*, 2011 WL 1814707, at *6-7. An applicant may not use postconviction proceedings to relitigate issues decided in a direct appeal. *Snyder v. State*, 262 N.W.2d 574,

---

[1] The parties and the court referred to the State's request as a motion for directed verdict under Iowa Rule of Civil Procedure 1.945. We determine the motion is more properly considered as a motion for summary disposition, as permitted by Iowa Code section 822.6 (2011).

578 (Iowa 1978). "A postconviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principal of res judicata bars additional litigation on this point." *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009). We determine the district court properly concluded Rodriguez's claim of ineffective assistance of defense counsel should be dismissed.

Rodriguez also claims he received ineffective assistance because appellate counsel raised the issue in the direct appeal, when he did not have expert testimony to support his claims. In the direct appeal, we noted Rodriguez did "not set forth any argument concerning what evidence an expert would have offered or how such testimony would have made the difference at trial," but this is not the basis for our conclusion Rodriguez failed to show he received ineffective assistance of counsel. *Rodriguez*, 2011 WL 1814707, at *7. We found, "Had defense called an expert on intoxication, Rodriguez fails to demonstrate it would have made a difference in the outcome of the trial." *Id*. Once again, the main thrust of Rodriguez's defense was identification, which is quite different than an intoxication defense. Because we found Rodriguez was not prejudiced by counsel's performance, Rodriguez was also not prejudiced by appellate counsel's decision to raise the issue on direct appeal. We conclude the district court properly found Rodriguez's claim of ineffective assistance of appellate counsel should be denied on the same grounds found in our earlier decision.

We affirm the decision of the district court.

**AFFIRMED.**