# IN THE COURT OF APPEALS OF IOWA

No. 17-1049
Filed July 5, 2018

**PETER KELLY LONG,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Thomas J. Bice, Judge.

Peter Long appeals following the dismissal of his second application for postconviction relief. **AFFIRMED.**

Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Peter Long was convicted of third-degree sexual abuse in 2011. Because he had two 1996 convictions for lascivious acts with a child, he was sentenced to life in prison without the possibility of parole. *See* Iowa Code § 902.14 (2009) (providing an enhanced penalty for second or subsequent offenders). Our supreme court affirmed on direct appeal. *State v. Long*, 814 N.W.2d 572, 584 (Iowa 2012).

Long filed his first application for postconviction relief (PCR) in 2012. After the PCR court denied his application, Long appealed. This court affirmed. *Long v. State*, No. 15-1231, 2017 WL 514400, at *1 (Iowa Ct. App. Feb. 8, 2017).

In April 2017, Long filed a second PCR application. The State moved to dismiss the application, arguing it was untimely under Iowa Code section 822.3 (2017) (requiring PCR claims be brought within three years of the date the writ of procedendo issued following a direct appeal of a conviction) and that his claims were waived under Iowa Code section 822.8 (requiring applicants to raise all grounds available for relief in the original, supplemental, or amended PCR application). Because Long's claims were brought more than three years after procedendo issued following Long's direct appeal and the facts underlying the claims raised in his second PCR application were known or knowable during the limitations period, the PCR court found Long's claims were barred by section 822.3 and granted the State's motion to dismiss. Because we find no error in the PCR court's assessment, *see Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011) (stating summary dismissals of PCR applications are reviewed for errors at law), we affirm the dismissal of Long's second PCR application as untimely.

On appeal, Long also alleges his sentence is illegal. Although this claim was not asserted below, a challenge to an illegal sentence may be asserted at any time. *See State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). Long argues his sentence is illegal because his prior convictions do not qualify as predicate felonies that trigger the enhanced penalties under Iowa Code section 902.14. (2009), citing *State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012). This claim was raised and decided in Long's appeal of his first PCR action. *See Long*, 2017 WL 514400, at *5. Our prior ruling affirming his sentence on the same grounds is final and cannot be revisited. *See Snyder v. State*, 262 N.W.2d 574, 578 (Iowa 1978).

Because no grounds exist for granting PCR, we affirm.

**AFFIRMED.**