Douglas L. **HORN**, Appellant,

v.

Charles **HAUGH**, Warden, Appellee.

No. 55891.

Supreme Court of Iowa.

July 3, 1973.

John C. Platt and Jon M. Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLD-SON and HARRIS, JJ.

HARRIS, Justice.

In a postconviction proceeding brought under chapter 663A, The Code, petitioner challenges his conviction of selling a narcotic drug in violation of section 204.2, The Code, 1966. His challenge attacks the constitutionality of section 204.18, The Code, 1966. That section placed on the accused the burden of proof to show any exception, excuse, proviso or exemption under the Uniform Narcotic Drug Act (since repealed). Although petitioner did not raise or suggest any such exception at his trial, he challenged his conviction on the basis of Stump v. Bennett, 398 F.2d 111 (8 Cir. (1968), cert. den. 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466. He appeals the trial court's decree holding the section constitutional.

I. Petitioner cannot challenge the constitutionality of the section after having failed to do so during his trial. The question is controlled by section 663A.8, The Code, which provides:

"All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated *or not raised*, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application." (Emphasis supplied)

It is now suggested the clause "or not raised" appearing in section 663A.8 relates only to prior postconviction proceedings and does not preclude assertion of matters waived in the original trial. We do not agree.

At the original trial petitioner surely knew if he had the ground he now seeks to assert in his defense. As it transpired, the trial court did not instruct on the issue at all, and never placed on petitioner the burden he now claims section 204.18 unconstitutionally imposed. How is he to claim the trial court, if requested, would not have instructed as he now claims it should? A ground based on fact, in law, or mixed fact and law may be waived by failure to assert it.

"This remedy is not a substitute for * * * any remedy, incident to the proceedings in trial court * * *." Section 663A.2, The Code.

"* * * (A) contention that the statute under which accused was prosecuted, or a provision thereof, is unconstitutional cannot be raised by a petition for post-conviction relief, since such question should have been raised by direct attack." 24 C.J.S. Criminal Law, § 1606(12)b, page 721. See also Torres v. Warden of Md. Penitentiary, 227 Md. 649, 175 A.2d 594, cert. den. 369 U.S. 890, 82 S.Ct. 1164, 8 L.Ed.2d 290. The A.B.A. Standards, Post-Conviction Remedies, Approved Draft, section 6.1(c), page 20 provides in part:

"Where an applicant raised in a postconviction proceeding a factual or legal contention which he knew of and which he

deliberately and inexcusably * * * failed to raise in the proceeding leading to judgment of conviction, or * * * having raised the contention in the trial court, failed to pursue the matter on appeal, a court should deny relief on ground of an abuse of process. * * *."

Here petitioner's attempt to use postconviction relief as a substitute for the simple statutory remedy of lodging objections to trial court's instructions, motion for new trial, and direct appeal, violates section 663A.2, The Code. See Parsons v. Brewer, 202 N.W.2d 49, 53 (Iowa 1972); State v. Weiland, 190 Neb. 111, 206 N.W.2d 336 (1973); State v. Hizel, 181 Neb. 680, 150 N.W.2d 217 (1967).

Section 663A.8, The Code, cannot have the legislative intent suggested. If the phrase "finally adjudicated or not raised" referred only to a prior postconviction relief application, the petitioner could not litigate an issue previously intelligently waived (but never litigated), but could relitigate a question thoroughly threshed out and lost in trial and appeal. We reject the contention the clause "or not raised" in section 663A.8 is limited to prior postconviction proceedings. The failure to raise a defense in the original trial, unless excused as provided by the section, waives the issue in any future postconviction proceeding.

In State v. Wetzel, 192 N.W.2d 762 (Iowa 1971) we held the section barred relitigation of previously adjudicated issues. In State v. Masters, 196 N.W.2d 548 (Iowa 1972) we held inadequacy or absence of counsel might be sufficient reason an issue was not asserted or was inadequately raised originally. Others might be imagined. Coercion is an example. See Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (filed April 2, 1973).

The present case presents no situation excusing petitioner for not raising his constitutional question in the original trial, the "proceeding that resulted in the conviction or sentence." He was well represented by competent counsel. He was not justified under section 663A.8 in awaiting the outcome of the trial before electing to raise the constitutional question. He may have believed there would be some tactical benefit in raising defenses piecemeal in successive proceedings. Such an imagined benefit is denied him by the statute.

II. We note his inability to raise the question does him no harm. After the filing of the decree appealed from we filed our opinion in State v. Lynch, 197 N.W.2d 186 (Iowa 1972). In Lynch we considered the precise question presented by petitioner and held the section constitutional.

Affirmed.