Hayden Jasper WATTS, Appellant,

v.

STATE of Iowa, Appellee.

No. 2–59836.

Supreme Court of Iowa.

Aug. 31, 1977.

Thomas T. Skewes of Johnson & Phelan, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., James P. Hoffman, County Atty., for appellee.

REES, Justice.

This is an appeal from a decree in a proceedings seeking postconviction relief under Ch. 663A, The Code. The petitioner-appellant Watts, who had pleaded guilty to the crime of attempting to break and enter, contends that he was not made aware of his Fifth Amendment right against self-incrimination nor his Sixth Amendment right to confront his accusers at the time he entered his guilty plea, and therefore his plea was not voluntarily and intelligently made. Trial court found the petitioner had not sustained his burden of proof to establish his assertions and denied postconviction relief. We affirm the trial court.

The petitioner Watts was originally charged with the crime of breaking and entering, but as the result of a plea bargaining arrangement he entered a plea of guilty to the crime of attempting to break and enter in violation of § 708.10, The Code. Time was fixed for the imposition of sentence, at which time petitioner failed to appear, but later appeared at a rescheduled hearing and was sentenced to be imprisoned in the penitentiary for a period of not to exceed five years. He perfected a direct appeal to this court, asserting that the trial court erred in failing to inquire into his understanding of the charge and to determine if a factual basis existed for the entry of his plea of guilty and that the court further erred in not permitting him to withdraw his guilty plea. We affirmed by opinion in *State v. Watts*, 225 N.W.2d 143 (1975). Watts then petitioned the Federal District Court for the Southern District of Iowa for a writ of habeas corpus and following hearing the writ was annulled. This action for postconviction relief was then instituted on May 18, 1976, and the court's order and ruling denying such relief was entered on July 30, 1976, culminating in this appeal.

As mentioned above, the petitioner states only one proposition upon which he relies for reversal, namely that at the time he entered his guilty plea he was not made aware of his Fifth Amendment right against self-incrimination nor his Sixth Amendment right to confront his accusers.

I. Proceedings for postconviction review are special proceedings treated as an action at law triable to the court, and ordinarily in such proceedings our review is not *de novo*. When, as in this case, however, issues as to the violation of constitutional safeguards are raised, we are obliged to make an independent evaluation of the totality of the circumstances shown by the entire record under which rulings on such constitutional rights were made. That is to say, when a constitutional issue is presented, the evidence relative to that issue is reviewed by us *de novo*. *Rinehart v. State of Iowa*, 234 N.W.2d 649, 658 (1975), and citations.

II. The burden of proof in postconviction relief actions brought under Ch. 663A, The Code, is upon the petitioner, who is required to establish the facts asserted by a preponderance of the evidence. *Parsons v. Brewer*, 202 N.W.2d 49 (Iowa 1972).

III. In *Brainard v. State of Iowa*, 222 N.W.2d 711, which was decided by this court October 16, 1974, we set out a recommended colloquy to be utilized by courts when accepting pleas of guilty to assure that a defendant is made fully aware of his constitutional rights. *Brainard* was not retrospective in application and has no application to this case, as the petitioner's guilty plea was entered on May 10, 1974. In cases in which pleas of guilty were taken prior to

*Brainard* the record must be searched to determine if the defendant was in fact made aware of or waived his constitutional rights. *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

IV. At the time of the entry of his plea of guilty to the crime of attempting to break and enter, defendant was represented by appointed counsel, Barry M. Anderson. Upon the trial of the instant proceedings, that is to say, the petition for postconviction relief, Watts caused to be introduced an affidavit of Attorney Anderson, which affidavit was received into the record without objection. In the affidavit Attorney Anderson stated, inter alia,

"I will further state that I talked with Mr. Watts on numerous occasions and advised him that he had the right to confront his accusers to which he acknowledged that he knew, due to his previous involvement with the law and that he would not have to testify in the trial as a result of his right against self-incrimination to which he also on numerous occasions acknowledged that he knew as a result of his previous involvements with the law. * * *

"In connection with the arguments and issues presented for appeal to the Iowa Supreme Court, I will state that the appeal was based on the standards then imposed on the Iowa Courts as set out in *State v. Sisco,* 169 N.W.2d 542. Mr. Watts and I were aware that the Court, technically, had not complied with the standards in relation to specific questions dealing with his right against self-incrimination and his right to confront his accusers as set out in *Boykin v. Alabama,* U.S. Supreme Court case 395 U.S. 235, [(238), 89 S.Ct. 1709, 23 L.Ed.2d 274]. However, it was my feeling that at the time these issues would be of no relevance seeing as the Court had not specifically applied those specific standards to Iowa other than through the standards as set out in *State v. Sisco.* * * * Additionally, the case of *State v. Abodeele* (sic), 179 N.W.2d 347, specifically af-

firmed a case involving the Court not asking the specific questions involved here and allowed the Court to look at all circumstances involved to determine whether those rights were complied with. It is my decision, due to the extensive trial preparation done and the numerous conferences with Mr. Watts that he understood his rights, perhaps better than most attorneys, due to his previous involvements with the law and the fact that the plea bargain involved an allowance for Mr. Watts to plead to a five-year felony offense from a charge which was almost a sure conviction of ten years for breaking and entering * * *. * * *

"In summary, I would once again reiterate that I have no personal doubts whatsoever that Mr. Watts was fully advised and fully aware of what his rights were in connection to the right against self-incrimination and the right to confront his accusers as set out in the Constitution's 5th, 6th and 14th Amendments."

It is apparent to us that the petitioner, by the introduction of the affidavit of Attorney Anderson, served to effectively negate the claims here made as to the violation of his constitutional rights to confront his accusers and against self-incrimination.

V. We are cognizant of the fact that the petitioner in the postconviction proceedings asserted grounds not asserted in earlier proceedings, that is to say, in the direct appeal from his conviction and that he was burdened with proving a sufficient reason why the ground now relied on was not previously asserted. In light of our conclusion the petitioner has failed to carry the burden of establishing by a preponderance of the evidence the factual situation claimed by him, we deem it unnecessary to belabor this matter further.

We have made an evaluation of the "totality of the circumstances shown by the entire record" and find no abuse of judicial discretion on the part of the trial court in refusing postconviction relief.

The ruling and judgment of the trial court is therefore affirmed.

AFFIRMED.