Dean D. THOMAS, Petitioner-Appellant,

v.

STATE of Iowa, Respondent-Appellee.

No. 2–66098.

Court of Appeals of Iowa.

Nov. 24, 1981.

Patrick H. Payton, Des Moines, for petitioner-appellant.

Thomas J. Miller, Atty. Gen. and Teresa Baustian, Asst. Atty. Gen., for respondent-appellee.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

DONIELSON, Judge.

The petitioner appeals the denial of his amended application seeking postconviction relief from his 1978 conviction, pursuant to

a guilty plea, of operating a motor vehicle under the influence of alcohol (OMVUI) in violation of section 321.281, Supplement to the Code 1977. He contends that the post-conviction court erred in ruling that, by failing to perfect a direct appeal, he is barred from appealing his conviction and that, by paying the fine and serving the jail sentence, petitioner waived his right to maintain this action for postconviction relief. Petitioner also asserts that his guilty plea was inadequate because the original trial court did not comply with the requirements of *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969) and *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974). Because we agree with the trial court that petitioner is barred from maintaining this action and has waived his right to appeal and to seek post-conviction relief, we do not discuss the merit of petitioner's claim that his guilty plea was inadequate. We affirm the trial court's denial of postconviction relief.

Postconviction relief actions under Chapter 663A are law actions triable to the court and ordinarily are reviewed only on error. *Hahn v. State*, 306 N.W.2d 764, 768 (Iowa 1981). However, when, as here, there is an alleged violation of a constitutional safeguard, this court will make an independent evaluation of the totality of circumstances under which the postconviction ruling was made. *Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 31 (Iowa 1979). The burden of proof in a postconviction action is on the petitioner to establish the facts asserted by a preponderance of the evidence. *Watts v. State*, 257 N.W.2d 70, 71 (Iowa 1977).

## I.

On August 8, 1978, petitioner Thomas was charged by trial information with unlawfully and willfully operating a motor vehicle while under the influence of alcohol in violation of section 321.281, Supplement to the Code 1977. Petitioner initially pleaded not guilty; but on November 20, 1978, he withdrew his former plea and pleaded guilty as charged. Prior to accepting the guilty plea, the trial court confirmed that petitioner had read and signed the guilty plea form. The court informed petitioner that he was charged with OMVUI, first offense, and that if he pleaded guilty he would be waiving, inter alia, the right to jury trial. The court asked petitioner if he had any questions about the charge of "... operating a motor vehicle while under the influence of an alcoholic beverage ..." or any questions "... about the maximum penalty of this charge?" To both questions petitioner responded that he had no questions. The court ascertained that there was no plea bargain. The court did not discuss the factual basis for the guilty plea but stated that "... the Court has further determined that the defendant did commit the acts constituting the crime with the mental state necessary to that crime." The court accepted the guilty plea and informed petitioner and his counsel that if the petitioner felt that his rights had not been properly protected then he had a right of appeal. On that same day, November 20, 1978, judgment was entered and petitioner was fined three hundred dollars ($300.00) and sentenced to two days in jail. He immediately paid the fine and served the jail sentence. No direct appeal was taken.

On July 30, 1980, petitioner filed an application for postconviction relief challenging the validity of his guilty plea. On August 11, 1980, petitioner filed a motion to withdraw the guilty plea and set aside the conviction, again asserting that the guilty plea was made involuntarily, unintelligently, and was without a sufficient factual basis. On September 29, 1980, the trial court overruled petitioner's motion on the grounds that his failure to timely appeal the conviction and his immediate payment of the fine and service of sentence waived his right to have the conviction reviewed.

On October 8, 1980, petitioner filed an amended application for postconviction relief asserting the same challenges to the guilty plea. The state filed an answer raising the waiver issue but admitting that the guilty plea contained no factual basis and was inadequate under the guidelines of *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969).

A postconviction hearing was held on October 28, 1980. The transcripts of the plea proceeding and the hearing on the post-trial motion were admitted into evidence, and both parties presented arguments.

On November 24, 1980, the postconviction court filed its findings of fact, conclusions of law and order denying postconviction relief. The court held that petitioner's failure to perfect a direct appeal barred maintenance of the postconviction action and that, by immediately paying the fine and serving the jail sentence, petitioner waived his right to appeal or bring the postconviction action.

## II.

■ When an appeal has been perfected and there has been no determination by the trial court that a factual basis for the plea existed, this court must remand the case back to the trial court for determination of whether a factual basis existed. *State v. Randall*, 258 N.W.2d 359, 362 (Iowa 1977). We proceed to consider whether an appeal has been perfected.

We note that, because the incidents leading up to the petitioner's conviction took place in 1978, this case is governed by § 813.2, Iowa R.Crim.P. 23(3)(b), (Supp. 1977) (amended by § 813.2, Iowa R.Crim.P. 23(3)(a), (b), The Code 1979). *See* § 801.-5(1), The Code 1979. Under that rule a defendant is permitted to directly appeal his conviction based on a guilty plea and avoid both the rule set forth in *State v. Reaves*, 254 N.W.2d 488, 493 (Iowa 1977) and the amended Iowa R.Crim.P. 23(3)(a), (b), § 813.2, The Code 1979, which require that a challenge to a guilty plea be initially raised by a motion in arrest of judgment in order to perfect the right to assert such challenge on appeal. *State v. Fluhr*, 287 N.W.2d 857, 860 (Iowa 1980). Thus the petitioner had the right to directly appeal his conviction under section 814.4, The Code 1979. He was informed of this right by the trial court.

■ The postconviction remedy is not a substitute for direct review of a conviction and a petitioner who attempts to use such remedy as a substitute for the statutory remedy of direct appeal violates section 663A.2, The Code. *Horn v. Haugh*, 209 N.W.2d 119, 121 (Iowa 1973). When the claim that the guilty plea is inadequate depends on evidence which would not appear in the record of the plea proceeding, the failure to appeal is excused and a postconviction action is appropriate. *Redding v. State*, 274 N.W.2d 315, 316 (Iowa 1979). But failure to appeal bars relief in a postconviction action as to factual and legal contentions which were known at the time of the original trial court proceeding but which petitioner inexcusably failed to pursue on appeal. *Horn*, 209 N.W.2d at 120–121.

■ In the present case, evidence of the plea's shortcomings is clearly in the record, and relief from such was thus available on direct review. Since the petitioner failed to assert these known shortcomings during the period for taking an appeal, he is barred from asserting his claim in this postconviction action. The burden is on the petitioner to establish a sufficient reason why the grounds raised in the postconviction action were not previously asserted. *Bledsoe v. State*, 257 N.W.2d 32, 34 (Iowa 1977). The petitioner has not met this burden.

In addition, the postconviction trial court held that, by immediately paying the fine and serving the jail sentence, the petitioner waived the right to appeal or to bring an action for postconviction relief. *State v. Westfall*, 37 Iowa 575 (1873); *City of Denison v. McCord*, 251 Iowa 1322, 105 N.W.2d 485 (1960). While we believe this is still a correct statement of the law, we note that § 663A was not in existence when these cases were decided.

AFFIRMED.