STATE of Iowa, Plaintiff-Appellee,

v.

Carl C. TURNER, Defendant-Appellant.

Carl C. TURNER, Petitioner-Appellant,

v.

STATE of Iowa, Respondent-Appellee.

No. 66365.

Court of Appeals of Iowa.

Nov. 30, 1983.

John J. Piazza of the Offender Advocate Office, and R. Wayne Saubert, Des Moines, for defendant-appellant.

Charles L. Harrington, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, for defendant-petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for plaintiff-respondent-appellee.

Heard by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, and HAYDEN, JJ.

SCHLEGEL, Judge.

In these consolidated cases, defendant-petitioner appeals his conviction of first-degree robbery in violation of Iowa Code sections 711.1 and 711.2 (1979) and the subsequent denial of his application for postconviction relief. On direct appeal defendant-petitioner asserts that: (1) the evidence was insufficient to support a jury verdict that defendant aided and abetted the robbery; and (2) trial court erred by refusing to take judicial notice of the minutes of testimony of a missing State's witness who allegedly would have presented exculpatory testimony and further erred by refusing to allow defendant to present as a witness the assistant county attorney who drafted the minutes.

In the postconviction appeal, defendant-petitioner asserts that: (1) his constitutional right to confrontation of witnesses was violated by the admission into evidence of deposition testimony which was taken out of his presence and without his knowledge; and (2) he was denied effective assistance of counsel due to counsel's alleged failure to inform defendant-petitioner of, or secure his presence at, a deposition of a witness and counsel's subsequent decision to allow the deposition to be admitted into evidence, allegedly without obtaining from defendant-petitioner a waiver of his right to confrontation.

Defendant and his brother-in-law were jointly charged by information with first-degree robbery, arising out of the armed robbery of a Des Moines convenience store. After defendant's motion to sever was granted, his case was tried to a jury. The jury subsequently found him guilty as charged and found that a firearm had been used in commission of the offense. Defendant was sentenced to an indeterminate

twenty-five year term of imprisonment, with a five-year minimum sentence for use of the firearm.

By stipulation of the parties, a deposition of the convenience store clerk was read into evidence at the trial. In the deposition the clerk stated that at 5:00 a.m. on February 2, 1980, a black male wearing a ski mask and carrying a handgun entered the store, took money from the cash register, and left in a Chevrolet Monza automobile driven by another person. The clerk immediately called the police and gave them a description of the robber and the car, including its license number. Two police officers testified that they stopped the car a short time later, apprehended defendant and his brother-in-law, and recovered a handgun, ski mask and money. The suspects were returned to the convenience store, where the clerk identified defendant's brother-in-law as the armed robber.

Defendant testified in his own defense that he drove his brother-in-law to defendant's mother's house and then to the convenience store to buy some beer. However, defendant further testified that they had no prior discussion about a robbery; that he did not see the gun, ski mask or money until after being stopped by the police; and that he knew nothing of the robbery until he was questioned by the police.

A minute of testimony indicated that a customer in the store at the time of the robbery would testify that, *inter alia*, when the robber entered the store he "had just pulled a ski mask over his face." The State did not call this witness at trial. At the close of the State's case, defendant noted that the minutes had been entered into evidence in the companion case by stipulation of the parties, and requested that the court take judicial notice of those minutes on grounds that they tended to impeach the prior testimony of a deputy sheriff and were exculpatory to defendant. Trial court refused to admit the minutes. Defendant then requested to call the assistant county attorney who prepared the minutes to testify about its content. The trial court refused this request also.

Defendant Turner subsequently filed an application for postconviction relief. At the postconviction hearing Turner's trial counsel testified that he agreed to depose the convenience store clerk to perpetuate his testimony because the clerk was in the military and would not be available for trial; that although it was his normal practice to do so, he could not recollect whether he had informed Turner in advance about the deposition or discussed the use of the deposition with Turner prior to trial; and that he agreed to admit the deposition into testimony because he thought the clerk would be an excellent witness whose presence at trial could be detrimental to Turner. Turner testified that he was not contacted by his trial counsel about the deposition and that he did not know the clerk would testify by deposition until it occurred. The postconviction court concluded that Turner failed to prove ineffective assistance and, regardless, had failed to prove prejudice.

Turner's direct appeal was stayed pending resolution of the postconviction action, and the direct appeal and postconviction appeals were subsequently consolidated. Turner's notice of appeal from the denial of his application for postconviction relief was untimely, but this court granted Turner's request for a delayed appeal by order filed on March 28, 1983.

## 1. Direct Appeal

### A. Sufficiency of the Evidence

■ In our scope of review of a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State. *State v. Robinson*, 288 N.W.2d 337, 338 (Iowa 1980). All legitimate inferences which may fairly and reasonably be deducted therefrom will be accepted. *State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981). It is necessary to consider all the evidence when determining evidential sufficiency. *Id.* at 306. The relevant question is whether any rational trier of fact could have found the essential ele-

ments of the crime beyond a reasonable doubt. *Robinson* at 339.

■ Turner contends the evidence was insufficient for a jury to find beyond a reasonable doubt that he aided and abetted one Zizzi Howard in armed robbery of a Kwik Shop store on February 2, 1980. Aiding and abetting means to assent to or lend countenance or approval to a criminal act, either by active participation in it or in some manner encouraging it. *State v. Jones,* 271 N.W.2d 761, 763 (Iowa 1978). The State must prove that Turner's participation or encouragement was done with knowledge of such act. *Id.* at 763. Aiding and abetting need not be shown by direct proof as it may be inferred from circumstantial evidence including presence, companionship and conduct before and after the offense is committed. *Fryer v. State,* 325 N.W.2d 400, 406 (Iowa 1982). The evidence in this case indicates the following set of events. At about 4:00 to 4:30 a.m. on February 2, 1980, Carl Turner and Zizzi Howard went to the home of Turner's mother allegedly to pick up Turner's keys to his apartment. Upon leaving his mother's home, Turner drove Howard to a Des Moines convenience store. While Howard was inside the store, Turner was parked facing away from the store in an undesignated parking spot with the car engine running. Howard then returned to the car; Turner drove away, ran a stop sign, and proceeded southbound exceeding the speed limit. When police officers stopped the car, they found an excessive amount of small change on the passenger's seat and floor. Also recovered were a gun, holster, and stocking cap. The gun that was seized after the robbery was registered to Turner's deceased father.

Turner testified he knew nothing of the robbery. He stated he had not seen the gun prior to the robbery, nor did he see the gun, the money, or the stocking cap after the robbery. Turner indicated that he believed the police were stopping him for running the stop sign almost three miles back.

■ We believe the foregoing evidence makes out a jury question on Turner's guilt. The jury could have found that Turner took Howard to his mother's house, they acquired the gun there, proceeded to the Kwik Shop where Howard robbed the attendant while Turner waited in the "getaway" car. They could have found that the robbery was committed with Turner's knowledge and encouragement. As such, we find the evidence was sufficient for the jury to find beyond a reasonable doubt that Turner aided and abetted Howard in the armed robbery on February 2, 1980.

**B. Minutes of Testimony**

■ Turner alleges that the trial court erred in refusing to admit a minute of Eric Lindstrom's testimony for the purpose of impeaching Lieutenant Long's testimony. Turner makes this argument by virtue of a stipulation in a previous judicial proceeding where the same minutes were received into evidence. As a general rule, courts will not take judicial notice of the proceedings or record in another cause, whether such cause was tried in the same court or in another court. *See* 29 Am.Jur.2d, Evidence § 58 (1967). Absent an agreement of the parties at bar, judicial notice is generally improper. *See Troester v. Sisters of Mercy Health Corporation,* 328 N.W.2d 308, 311 (Iowa 1982). There was no stipulation in this case and no special circumstances warranting judicial notice. *See Johnson v. Johnson,* 188 N.W.2d 288, 292–3 (Iowa 1971). Furthermore, Turner had the opportunity and did depose Eric Lindstrom. The State agreed to allow that deposition into evidence, but Turner refused. We agree with the trial court that Turner has shown no basis for the court to take judicial notice of the minutes, and therefore affirm its ruling.

■ Turner subsequently contends that the trial court erred in not granting permission to call the assistant county attorney who prepared the minutes. The trial court deemed any testimony from the assistant county attorney concerning the minute would be hearsay and as such inadmissible.

At the trial, Turner argued that it was not hearsay because it would be offered only to impeach the prior statements of Lieutenant Long, not for the truth of the matter asserted. Subsequently, in his appeal brief, Turner concedes that a statement from the assistant county attorney would constitute hearsay, but that the court should carve an exception to the hearsay rule similar to Federal Rule of Evidence 804(b)(5). We believe the issue as stated in Turner's appeal brief was not properly preserved for appeal. *See State v. Reynolds,* 250 N.W.2d 434, 440 (Iowa 1977). Therefore, we should not consider it now.

■ However, assuming that error was properly preserved on this issue and Iowa would have adopted the exception at that time, we would still affirm the trial court's decision. Iowa did eventually adopt the equivalent to Federal Rule of Evidence 804(b)(5) in Iowa Rule of Evidence 804(b)(5). However, Turner does not fit within that hearsay exception. Rule 804(b)(5) states:

> (5) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

Iowa R.Evid. 804(b)(5) [Report 1983]

First of all, Turner not only failed to make the use of the statement known to the State sufficiently in advance of the trial or hearing, he failed to give notice of its use at all. Second, we do not believe that Turner was not able to procure through reasonable efforts other evidence more probative on the point. Turner had an opportunity to depose Lindstrom. Furthermore, if Turner believed Lindstrom's testimony was so important, he should have assured his availability himself.

Federal Rule of Evidence 804(b)(5) was not intended to create a broad new hearsay exception. *United States v. Love,* 592 F.2d 1022, 1026 (8th Cir.1979). Rule 804(b)(5) should be used only rarely and only in exceptional circumstances. *Id.* at 1026. We do not find this to be such a circumstance.

Neither do we see how this evidence is highly corroborative of Turner's theory and therefore exculpatory. The facts are such that a jury could have found the essential elements of the crime beyond a reasonable doubt whether Howard donned the stocking cap within the car or outside the car. We agree that the State cannot suppress materially exculpatory evidence as it might deny a defendant a fair trial. *See State v. Peterson,* 219 N.W.2d 665, 674 (Iowa 1974). However, even assuming this evidence is exculpatory, it is not materially so. We do not agree that this evidence would negate other evidence pointing to Turner's participation.

## II. Postconviction Relief

■ Postconviction relief actions under Iowa Code chapter 663A are law actions triable to the court and ordinarily are reviewed only on error. *Hahn v. State,* 306 N.W.2d 764, 768 (Iowa 1981); *Thomas v. State,* 316 N.W.2d 182, 183 (Iowa App. 1981). However where, as here, there is an alleged violation of a constitutional safeguard, this court will make an independent evaluation of the totality of circumstances under which the postconviction ruling was made. *Stanford v. Iowa State Reformatory,* 279 N.W.2d 28, 31 (Iowa 1979); *Thomas v. State,* 316 N.W.2d at 183. This is the equivalent of a **de novo** review. *Hinkle v.*

*State*, 290 N.W.2d 28, 30 (Iowa 1980). The burden of proof in a postconviction action is on the petitioner to establish the facts asserted by a preponderance of the evidence. *Watts v. State*, 257 N.W.2d 70, 71 (Iowa 1977).

■ Turner offers two grounds that he contends entitle him to postconviction relief. Neither ground was asserted in a previous direct appeal. Iowa Code section 663A.8 states:

> *All grounds for relief* available to an applicant under this chapter *must be raised* in his original, supplemental or amended application. *Any ground* finally adjudicated or *not raised*, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or *in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised* in the original, supplemental, or amended application.

Iowa Code § 663A.8 (emphasis added). A new ground cannot be raised in a postconviction relief proceeding unless the postconviction petitioner established by a preponderance of the evidence "sufficient reason" for not having raised the issue on direct appeal. *See Hinkle v. State*, 290 N.W.2d 28, 31 (Iowa 1980).

■ Turner first contends he was denied his sixth amendment right to confrontation by admission of a deposition that was taken out of his presence and without his knowledge. In a postconviction proceeding, when a defendant raises a factual or legal contention which he knew of and which he deliberately and inexcusably failed to raise in the proceeding leading to conviction, or, having raised the question in trial court, failed to pursue the matter on appeal, we will deny relief. *Horn v. Haugh*, 209 N.W.2d 119, 120–21 (Iowa 1973). There is an exception, however, and that is inadequacy of counsel might be sufficient reason why an issue was not asserted or was inadequately raised originally. *Cf. State v. Masters*, 196 N.W.2d 548, 550 (Iowa 1972). However, the ineffective assistance of counsel claim was also raised for the first time in the postconviction proceeding. Therefore, we must first decide if there was sufficient reason why that claim was not raised in the direct appeal.

■ Turner has since had different counsel appointed, but his previous trial counsel was the same counsel that filed the direct appeal brief. It is not feasible that his attorney would enter an ineffective assistance claim against himself on direct appeal. Therefore, we find that is sufficient reason why it was not raised. Accordingly, the issue of ineffective assistance is properly before the postconviction court. We must first determine whether Turner was denied effective assistance of counsel in failing to protect his right to be present at the deposition and confront the witnesses, and in waiving that right without informing him. If we find ineffective assistance of counsel in failing to preserve the defendant's right, normally the next step in the analysis is to determine the merits of the defendant's claim. The merits of the confrontation claim, however, must be reached in this case in determining whether counsel was ineffective for failing to preserve those rights.

## A. Ineffective Assistance of Counsel and Confrontation Claims

■ Even though there is a presumption that counsel is competent which must be overcome by the petitioner, the ultimate test is whether, under the entire record and totality of circumstances, counsel's performance was within the range of normal competency. *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981). Two conditions must be satisfied before a party will have been found to be denied a fair trial due to inadequacy of counsel. It must be shown that: (1) counsel failed to perform an essential duty; and (2) prejudice resulted therefrom. *Id.* at 14.

Turner alleges, because of his counsel's actions, he was denied his constitutional right of confrontation as guaranteed by the United States and Iowa Constitutions and as implemented by Iowa Rule of Criminal Procedure 25(1). That rule states:

> 1. Felony or misdemeanor. In felony cases the defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. In other cases the defendant may appear by counsel.

Iowa R.Crim.P. 25(1). Turner alleges, under this standard, his absence was impermissible because taking the deposition was a "stage of trial" that required his presence. We agree.

■ "Stage of the trial" as used in Iowa Rule of Criminal Procedure 25(1) includes the trial itself, from the selection of the jury through the verdict and, in addition, all pretrial and posttrial proceedings when fact issues are presented or when their dispositions, for some other reason, will be significantly aided by the defendant's presence. *State v. Foster*, 318 N.W.2d 176, 179 (Iowa 1982). Although the supreme court did not decide the issue of whether the taking of a deposition is a stage of trial at which the defendant has a right to be present because error was not preserved in *State v. Don*, 318 N.W.2d 801, 803 (Iowa 1982), that issue is properly before us here. We hold that a deposition where testimony is taken for introduction at trial is a stage of trial within the meaning of rule 25(1). *See United States v. Benfield*, 593 F.2d 815, 821 (8th Cir.1979); *United States v. Provencio*, 554 F.2d 361, 363 (9th Cir.1977); *State v. Sanchez*, 130 Ariz. 295, 299, 635 P.2d 1217, 1221 (1981); *State v. Basiliere*, 353 So.2d 820, 821–23 (Fla.1977); *State v. Hooks*, 202 Kan. 68, 70–71, 446 P.2d 770, 772 (1968); *State v. Collins*, 265 Md. 70, 288 A.2d 163 (1972); *State v. Barela*, 86 N.M. 104, 519 P.2d 1185 (1974). The deposition taken out of the presence of the defendant without his consent was presented as evidence before the trier of fact. Although the supreme court has indicated that rule 25(1) includes matters beyond the mere presentation of evidence before the trier of fact, we believe one of the more important purposes of that rule is to protect the defendant's constitutional right of confrontation in presenting evidence from which the trier of fact determines guilt. *See State v. Foster*, 318 N.W.2d at 178. That right was clearly abridged in this case.

■ The State asserts that the decision to allow the use of deposition rather than to require Thomas's personal appearance at trial was a strategic decision by counsel. Turner's counsel testified that the witness was "an extremely bright, articulate witness" whose presence would enhance his credibility to a greater extent than if his deposition were read into the record. Ordinarily, except for such basic decisions as whether to plead guilty, waive a jury, or testify in his own behalf, the accused is bound by the strategic decisions made by counsel, even those rising to constitutional dimensions. *Sallis v. Rhoads*, 325 N.W.2d 121, 123 (Iowa 1982). However, defendant's right to be present at "every stage of the trial" is one of those decisions of constitutional magnitude that cannot be waived by his attorney. *State v. Foster*, 318 N.W.2d 176, 178–79 (Iowa 1982).

■ The postconviction court found that the defendant knew the deposition of the store clerk was going to be read into evidence at trial. That procedure was discussed in defendant's presence, as was the method of such reading (by an assistant county attorney acting in the place of the deposed witness). The court did not, however, find that defendant had knowingly, intelligently, and voluntarily waived his right to be present at the taking of the deposition. The State must show the defendant's waiver of the right of confrontation was knowing, intelligent, and voluntary. *State v. Moore*, 276 N.W.2d 437, 440 (Iowa 1979). The burden is on the State to show a valid waiver by a preponderance of the evidence. *State v. Hillpipre*, 242

N.W.2d 306, 309 (Iowa 1976). There was no attempt to show the defendant waived the right, and no finding that defendant was ever given the opportunity to waive that right.

The State also contends that the constitutional error, if any, was harmless beyond a reasonable doubt and, therefore, defendant's trial counsel was not ineffective for failing to object to the use of the introduction of the deposition rather than stipulating to it. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 711 (1967); *State v. Blackwell,* 238 N.W.2d 131, 136–37 (Iowa 1976) (a federal constitutional error may be held harmless if the court is able to declare that it was harmless beyond a reasonable doubt). The State has the burden to demonstrate that the constitutional violations complained of are harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. at 24–25, 87 S.Ct. at 828, 17 L.Ed.2d at 71. The determination by us as to the consequences of an alleged constitutional violation under this standard requires clear evidence that the error caused defendant no prejudice. The State made no showing on this issue at trial. We cannot speculate whether the State might have been able to make that showing. At the very least, the trial record should affirmatively show that defendant was advised of the proposal to take the deposition to be used at trial, and given an opportunity to approve or disapprove the procedure, and to approve or disapprove his presence at or absence from the taking of the deposition. "That defendant himself be at least afforded the opportunity to be present at all stages of his trial is an elemental corollary of the constitutional rights of due process and confrontation, subject to waiver, if at all, only in the most extraordinary situations." *State v. Snyder,* 223 N.W.2d 217, 222 (Iowa 1974). We cannot hold, upon our review of the totality of the circumstances, that the error was harmless beyond a reasonable doubt.

■ Because we have found that defendant did not waive his rights and that the constitutional error was not harmless

beyond a reasonable doubt, we find that Turner's trial counsel failed to perform an essential duty when he allowed the taking of the eyewitness's deposition without Turner's knowledge or consent, and when he failed to object to the admission of the deposition into evidence at trial. Next we must determine whether Turner has sustained his burden of showing by a preponderance of the evidence that prejudice resulted therefrom. *Snethen v. State,* 308 N.W.2d at 14. We note, for purposes of analysis, that this determination is to be distinguished from the determination we made above in determining whether counsel failed to perform an essential duty. Although we have determined there was constitutional error at trial, unless the defendant also establishes ineffective assistance of counsel, the issue of constitutional error is not properly before us. *See* Iowa Code § 663A.8 (1981).

The defendant's theory of the case was that he did not know his brother-in-law intended to rob the store or that his brother-in-law had, in fact, robbed the store when he returned to the car. There were two eyewitnesses to the robbery, a customer and the clerk. Neither eyewitness testified at trial. The admission of the deposition at trial to establish the occurrence of the robbery was, therefore, crucial to the State's case. Without the deposition of the clerk, there was no eyewitness testimony establishing the presence of defendant, defendant's brother-in-law, or defendant's automobile at the scene of the crime. The store clerk gave testimony which, if believed, squarely refuted the defendant's theory of the case that he didn't know a robbery had occurred. He testified on direct examination during the deposition to the following:

Question: Could you tell at the time the person who had robbed the store got into the car, was he still wearing the ski mask?

Answer: Yes, sir, he was.

Question: Did you ever see him take it off?

Answer: No, sir.

Question: Where was he carrying the gun?

Answer: I do believe it was in his right hand.

It is clear that defendant was prejudiced by the admission of the deposition into evidence.

The defendant, Carl Turner, was, therefore, rendered ineffective assistance of counsel at trial. Upon the entire record, under the totality of the circumstances, defendant's trial counsel did not perform within the range of normal competency. Because the defendant was rendered ineffective assistance of counsel at trial and the failure to raise those issues on appeal was excused, the issue of the denial of defendant's constitutional right of confrontation was properly before us. We have already decided that issue in the context of the ineffective assistance of counsel issue. Therefore, we find defendant was denied his constitutional right to effective assistance of counsel and his constitutional right to confront witnesses against him. Accordingly, this case is reversed and remanded for a new trial.

REVERSED AND REMANDED.

All Judges concur except OXBERGER, C.J., and DONIELSON, J., who dissent.

SACKETT, J., takes no part.

OXBERGER, Chief Judge (dissenting).

I dissent from the majority's holding in Division II Postconviction Relief. The majority doesn't disagree with the trial court's finding that the defendant knew prior to trial that the Thomas deposition was going to be read into evidence at trial. The majority concludes that the trial court did not specifically determine whether defendant knowingly, intelligently and voluntarily waived his right to be present at the taking of the deposition.

I agree defendant's waiver must be knowingly, intelligently, and voluntary. However, in absence of evidence to the contrary I would find these conditions are met when counsel advises his client that he is going to take a deposition to perpetuate testimony of a witness and the client doesn't ask to be present at the proceeding.

The majority also concludes that introduction of the Thomas deposition was prejudicial error because without the deposition the State would not have been able to establish the occurrence of the robbery. The record does not indicate the State could not have produced Thomas if the deposition was not admitted at trial. The deposition was stipulated to convenience Thomas, a serviceman stationed out of Iowa.

I would focus my inquiry of whether the admission of the deposition was prejudicial on the issues tried. The defendant did not dispute anything Thomas testified about. The defendant did not dispute that the robbery occurred, only that he did not know it was going to happen nor did he participate in it. Thomas did not identify defendant nor testify in anyway concerning defendant. I would find the admission of the Thomas deposition to be harmless beyond a reasonable doubt.

DONIELSON, Judge (dissenting).

I agree with Judge Oxberger's dissent insofar as he concludes that defendant was not prejudiced by the admission of the Thomas deposition at trial. I write separately to express my views more fully.

The question of prejudice arises as the second part of the two-step analysis in determining whether a person has been denied effective assistance of counsel. *See Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981). I am not even convinced that the first part of that test has been satisfied; i.e. defendant must show that his attorney failed to perform an essential duty. *Id.* It appears to me that defendant acquiesced in the use of the deposition by not objecting to its use at trial.

Even if defendant's attorney failed to "perform an essential duty" in not ensuring defendant's presence at the taking of Thomas' deposition, I am satisfied that defendant was not prejudiced thereby. Thomas did not and could not implicate defendant in the robbery—he could not see defendant waiting in the car and therefore

was unable to identify him when he was brought back to the store after his arrest. Defendant does not explain what he could have done had he been at Thomas' deposition other than a general claim of being able to assist his attorney in cross-examining Thomas. This, however, would have accomplished nothing since, as already indicated, Thomas was unable to identify defendant as one who was involved. In fact, the deposition proved beneficial to defendant since it contained no direct evidence of his involvement and in fact corroborated defendant's own testimony in many important respects; for example, the car did not leave the store after the robbery at a high rate of speed or under any other suspicious circumstances.

The only thing accomplished by the use of the deposition was to prove that a robbery occurred. No one, however, disputes the fact of the robbery's occurrence; the only question is whether defendant was involved. Since the deposition contained absolutely no evidence on that question, I cannot agree that defendant was prejudiced by any alleged failure on the part of his trial attorney. I would therefore conclude that defendant failed to sustain his burden of proving ineffective assistance of counsel and deny his application for post-conviction relief.