# IN THE COURT OF APPEALS OF IOWA

No. 16-1599
Filed July 19, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MONTEL CURTIS REED,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith (trial) and Mark D. Cleve (sentencing), Judges.

The defendant appeals his convictions for possession of a firearm or offensive weapon by felon and assault with a dangerous weapon.  **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Montel Reed appeals his convictions for count I, possession of a firearm or offensive weapon by felon, in violation of Iowa Code section 724.26(1) (2016), and count II, assault with a dangerous weapon, in violation of Iowa Code section 708.2(3). He argues the evidence was insufficient to support the court's verdict after a bench trial. We affirm.

**I. Background Facts and Proceedings.**

On April 20, 2016, Montel Reed drove Donarease Lawless and two other passengers to Linda Bailey's house in a black Chevy Impala. When they arrived, Lawless and Reed got out of the car. Lawless approached the house and Reed stayed back near the sidewalk in the front yard of the house. Bailey, the owner of the house, and her daughter, Wakeytha Smith, were sitting in a screened-in porch in the front of the house.

According to testimony from Smith and Bailey, Lawless was looking for Smith's brother—who allegedly struck Lawless's sister. Lawless walked up to Bailey's front door and asked for Smith's brother to come outside and talk to him about the incident. Smith's brother was not present, and after a discussion between Lawless and Smith, Lawless threatened to strike her in the face. Smith retreated inside the house and called the police. Reed and Lawless left in the vehicle.

Meanwhile, Ashaie Frison, Bailey's daughter and Smith's sister, received a phone call from Smith about the interactions with Lawless, according to Frison's testimony. Frison went to her mother's house where she joined Bailey and Smith. Sometime after the initial confrontation, Frison saw the black Chevy

Impala approach the house again, and she recognized Reed as the driver. She also saw "Mr. Lawless with the window [down] and he was waving something. . . . At first I didn't know what it was because they was still coming." However, as the car passed in front of the house, she recognized the item Lawless was pointing at the house—"a black handgun." Reed drove the car slowly down the street and made a prolonged stop at an intersection without a stop sign near the house. Frison saw the license plate of the black Chevy Impala and instructed Smith to call the police. Reed's car remained stopped near the house until shortly before the police arrived.

Officer Craig Burkle testified that he received a call about a disturbance involving a gun where the suspects left the scene in a black Chevy Impala. Burkle discovered the black Chevy Impala on the way to the scene and confirmed the license plate number matched Reed's vehicle. Burkle testified he followed the vehicle, identified Reed as the driver, and attempted to initiate a traffic stop. In response, Reed "gunned the gas pedal" and "took off at a high rate of speed," according to Burkle.

After a chase through the back alleys of Davenport, Reed and Lawless stopped the vehicle and fled on foot. Reed and Lawless were apprehended shortly thereafter, and the officer identified Reed as the driver. With the help of a police dog trained to track human scent, Sergeant James Garrard then located a loaded firearm under a shed owned by an unrelated party. The shed was located several blocks from the Bailey residence and Reed's car. Reed and Lawless were arrested.

On May 11, 2016, Reed was charged by trial information with the following crimes: count I, possession of a firearm or offensive weapon by felon, in violation of Iowa Code section 724.26(1); count II, assault with a dangerous weapon, in violation of section 708.2(3); count III, possession of marijuana, in violation of section 124.401(5); and, count IV, eluding, in violation of section 321.279(1). Reed pled not guilty to the charges and signed a written waiver of his jury trial rights. The court found Reed guilty on each count, specifying guilt on count II under the theory of aiding and abetting. Reed appeals his convictions on counts I and II.

## II. Standard of Review.

"Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

## III. Discussion.

Reed claims the evidence was insufficient to support the guilty verdicts for count I, possession of firearm or offensive weapon by felon, and count II, assault with a dangerous weapon.

"In making determinations on the sufficiency of the evidence, 'we . . . view the evidence in the light most favorable to the state, regardless of whether it is contradicted, and every reasonable inference that may be deduced therefrom must be considered to supplement that evidence.'" *State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017) (quoting *State v. Jones*, 281 N.W.2d 13, 18 (Iowa 1979)). "We will uphold a trial court's denial of a motion for judgment of acquittal if the record contains substantial evidence supporting the defendant's conviction." *Id.* (citation omitted). "Evidence is substantial if it would convince a rational trier of

fact the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted).

Furthermore, "[t]he [trier of fact] is free to believe or disbelieve any testimony as it

chooses." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993).

### a. Count I: Possession of Firearm or Offensive Weapon by Felon.

Iowa Code section 724.26(1) states:

> A person who is convicted of a felony in a state or federal court, or who is adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult, and who knowingly has under the person's dominion and control or possession, receives, *or transports* or causes to be transported a firearm or offensive weapon is guilty of a class "D" felony.

(Emphasis added.) Reed does not dispute that he is a felon, but he claims the

evidence does not support any of the alternative elements of the crime—whether

he knowingly possessed, received, transported, or caused to be transported, or

had under his dominion and control, a firearm.[1] *See* Iowa Code § 742.26(1).

The State claims the evidence is sufficient to show Reed knowingly transported

the firearm. We agree.

According to Frison's testimony, Lawless pointed a gun out the passenger

window of a car driven by Reed. Reed slowed the vehicle as he drove past

Bailey's house. A rational trier of fact could infer Reed slowed the vehicle

knowing Lawless was pointing the gun at the Bailey house. This was also not

the first encounter between Reed, the passenger, and members of the Bailey

house. *See, e.g.*, *State v. Taylor*, 689 N.W.2d 116, 125 (Iowa 2004) (noting the

---

[1] Reed also claims the evidence is insufficient to support a finding of guilt on the same count under an aiding and abetting theory. The State concedes no proof was offered "to show that Reed knew that Lawless was a felon," in support of an aiding and abetting charge. Rather, the State argues Reed, as a felon, transported the firearm in his car. We decline to address Reed's aiding-and-abetting argument related to count one, and we analyze the offense under section 742.26(1).

strong "logical connection" between "the defendant's prior conduct directed to the victim of a crime" and "the defendant's probable motivation and intent in subsequent situations"). Reed also evaded the police, a fact that supports the inference he had knowledge of the weapon in the vehicle. *See State v. Campbell-Scott*, No. 16-0472, 2017 WL 512590, at *2 (Iowa Ct. App. Feb. 8, 2017). The State presented sufficient evidence to demonstrate Reed's knowledge of the weapon in his vehicle.

The same facts also support the State's claim that Reed knowingly "transported a firearm." Iowa Code § 742.26(1). Reed transported the weapon in the vehicle when he drove to Bailey's house, around the block, and back again. Looking at the evidence in the light most favorable to the State, the evidence is sufficient to prove Reed, a felon, knowingly transported the weapon in his car.

### b. *Count II: Assault with a Dangerous Weapon.*

Reed claims the State failed to prove count II, assault with a dangerous weapon, because Reed did not know Lawless had a gun.[2] Reed argues that he slowed the vehicle and came to a prolonged stop around the Bailey house because he was engaging in safe driving. The State argues Reed was guilty by

---

[2] Reed also argues a mistake in the trial court order where the court transposed the co-defendant's names requires reversal. Reed points to the following statement in the order: "Given the fact that Lawless was waiving the pistol through the passenger window at the time Reed was driving the vehicle past the Bailey residence, the court indicates *that he was aiding and abetting Reed* during the assault . . . ." (Emphasis added). However, the preceding sentence in the court's order confirms that Reed aided and abetted Lawless: "The court indicates from the findings of fact that the defendant aided and abetted Donarease Lawless in committing this offense." We decline to reverse the trial court's decision based on a scrivener's error.

aiding and abetting Lawless. The district court found that Reed aided and abetted Lawless, and we agree.

"To sustain a conviction on the theory of aiding and abetting, the record must contain substantial evidence the accused assented to or lent countenance and approval to the criminal act either by active participation or by some manner encouraging it prior to or at the time of its commission." *State v. Shorter*, 893 N.W.2d 65, 74–75 (Iowa 2017) (quoting *State v. Spates*, 779 N.W.2d 770, 780 (Iowa 2010)). Additionally, "Evidence of a defendant's 'presence, companionship, and conduct before and after the offense is committed' may be enough from which to infer a defendant's participation in the crime." *State v. Hearn*, 797 N.W.2d 577, 581 (Iowa 2011) (quoting *State v. Lewis*, 514 N.W.2d 63, 66 (Iowa 1994)).

We have found the record supports an inference that Reed had knowledge of the weapon in his car. Reed actively participated in the criminal act by driving the car to the Bailey house twice and helping Lawless evade the police. *See, e.g., id.* (holding defendant's attempt to help the principal escape the scene and obstruct the officer's pursuit supports the verdict of aiding and abetting); *State v. White*, No. 06-1810, 2007 WL 4322325, at *4 (Iowa Ct. App. Dec. 12, 2007) ("Driving a getaway vehicle can constitute substantial evidence that a crime was committed with the driver's 'knowledge and encouragement' and support convictions on the theory of aiding and abetting."); *State v. Turner*, 345 N.W.2d 552, 556 (Iowa Ct. App. 1983) (holding the defendant's act of driving the "getaway" car was sufficient to show knowledge of the underlying crime).

Substantial evidence exists to support Reed's conviction of assault with a dangerous weapon as an aider and abetter under count II.

**AFFIRMED.**